# EXHIBIT "A"

## VERIFIED RETURN OF SERVICE

| State of Florida | County of Broward | Circuit Court |
| --- | --- | --- |

Case Number: CACE 20-008513 04

Plaintiff:
**DORIS VALDEZ**

BII2020005132

vs.

Defendant:
**COLONY SHINY STAFF LLC D/B/A THE COLONY CLUB IN SUNRISE**

For:
Tiffani-Ruth Brooks
Derek Smith Law Group, Pllc
100 S.E. 2nd St
Suite 2000
Miami, FL 33131

Received by Burke Process Service, Inc on the 2nd day of June, 2020 at 9:07 am to be served on **COLONY SHINY STAFF LLC D/B/A THE COLONY CLUB IN SUNRISE, ANNE AGOSTINI, REGISTERED AGENT, 3799 PINE ISLAND ROAD, SUNRISE, FL 33351**.

I, Rafael Lainez, do hereby affirm that on the **5th day of June, 2020** at **11:10 am, I:**

**CORPORATE:** served by delivering a true copy of the **Summons and Complaint and Demand For Jury Trial** with the date and hour of service endorsed thereon by me, to: **BRIGITE PARKS** as **EXECUTIVE DIRECTOR, employed therein and authorized to accept service** for **COLONY SHINY STAFF LLC D/B/A THE COLONY CLUB IN SUNRISE, ANNE AGOSTINI, REGISTERED AGENT**, at the address of: **3799 PINE ISLAND ROAD, SUNRISE, FL 33351**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50+, Sex: F, Race/Skin Color: WHITE, Height: 5'7, Weight: 170, Hair: BROWN, Glasses: Y

Under penalties of perjury, I declare that I have read the foregoing Return of Service and the facts stated are true and correct. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

Rafael Lainez
989

**Burke Process Service, Inc**
**1199 W. Newport Center Drive**
**Deerfield Beach, FL 33442**
**(954) 514-0116**

Our Job Serial Number: BII-2020005132

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1p

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

------------------------------------------------------------------------X

DORIS VALDEZ

                         Plaintiff,

              -against-

COLONY SHINY STAFF, LLC., d/b/a/
THE COLONY CLUB IN SUNRISE

                        Defendant.

------------------------------------------------------------------------X

NO.:

**SUMMONS**
(Personal Service)

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the Complaint or Petition in this action on Defendant:

      **COLONY SHINY STAFF, LLC., d/b/a/**
      **THE COLONY CLUB IN SUNRISE**
      **ANNE AGOSTINI– Registered Agent**
      3799 PINE ISLAND ROAD
      SUNRISE, FL 33351

      Each defendant is required to serve written defenses to the complaint or petition on Tiffani- Ruth I. Brooks, Esquire, Plaintiff's attorney, whose address is:

      Derek Smith Law Group, PLLC
      c/o Tiffani-Ruth I. Brooks, Esq.
      701 Brickell Avenue, Suite 1310
      Miami, FL 33131
      (305) 946-1884

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on _____   MAY 26 2020

CLERK OF THE CIRCUIT COURT

BY _____
      As Deputy Clerk

BRENDA D. FORMAN

In the Circuit Court of the Seventeenth Judicial Circuit
In and for Broward County, Florida

Doris Valdez

Plaintiff

vs.

Colony Shiny Staff LLC
Defendant  DBA The Colony
Club In Sunrise

Case No: **20 - 0 0 0 8 5 1 3**

Judge:
Division:

04

FILED
MAY 26 2020
By

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-4-Civ/UFC/CO:

**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",**

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases:   None

Brenda D. Forman
Circuit and County Courts

By: _____

Deputy Clerk

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

DORIS VALDEZ
 Plaintiff
        vs.
COLONY SHINY STAFF, INC
Defendant

**II.      AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>500,000</u>

**III.      TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions
☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical

  ☐ Malpractice – other professional
☒ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☐ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☒ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

☐ County Civil
  ☐ Small Claims up to $8,000
  ☐ Civil
  ☐ Replevins
  ☐ Evictions
  ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

IV.   **REMEDIES SOUGHT** (check all that apply):
   ☒  Monetary;
   ☐  Non-monetary declaratory or injunctive relief;
   ☐  Punitive

V.   **NUMBER OF CAUSES OF ACTION:**
   (Specify)

   <u>FCRA, ADEA, TITLE VII, WHISTELBLOWER</u>

VI.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐  Yes
   ☒  No

VII.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒  No
   ☐  Yes – If "yes" list all related cases by name, case number and court:

VIII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒  Yes
   ☐  No

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Tiffani-Ruth Imani Brooks</u>
             Attorney or party
FL Bar No.:  <u>1010664</u>
             (Bar number, if attorney)
             <u>Tiffani-Ruth Imani Brooks</u>
             (Type or print name)
   Date:   <u>05/21/2020</u>

**IN THE CIRCUIT COURT OF THE SEVENTEENTH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA**

-----------------------------------------------------------------------X

DORIS VALDEZ

CASE NO.:

      Plaintiff,

    -against-

COLONY SHINY STAFF, LLC., d/b/a/
THE COLONY CLUB IN SUNRISE

      Defendant.

-----------------------------------------------------------------------X

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DORIS VALDEZ, through her counsel, Derek Smith Law Group, PLLC, hereby

complains of Defendant, COLONY SHINY STAFF, LLC., d/b/a/ The Colony Club in Sunrise

and allege as follows:

## JURISDICTION AND VENUE

1.  This is an action for damages in excess of thirty thousand dollars ($30,000.00) exclusive of

    interest, costs and attorney's fees.

2.  Venue is proper in Broward County because the principal place of business of the Defendant

    lie in Broward County, Florida.

3.  Venue is proper in Broward County because the acts or omissions being complained of

    occurred in Broward County, Florida.

## PROCEDURAL REQUIREMENTS

4. This matter is brought pursuant to Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes.

5. Plaintiff has complied with all statutory prerequisites in order to file this action.

6. On or around June 10, 2019, Plaintiff dual filed her charge with the Equal Employment Opportunity Commission ("EEOC"), Charge number 510-2019-04744.

7. On or around February 13, 2020, Plaintiff received the EEOC's Right to Sue Letter in reference to her EEOC charge.

8. Plaintiff filed this complaint within ninety (90) days of the issuance of the EEOC's Right to Sue letter.

9. An EEOC filing automatically operates as a dual Florida Commission on Human Relations ("FCHR") filing.

10. All conditions precedent to bringing the within claims, including the exhaustion of administrative prerequisites, have been performed.

## PARTIES

11. At all material times, DORIS VALDEZ (hereinafter referred to as "VALDEZ" or "Plaintiff") is an individual woman of Dominican descent, who is a resident of the State of Florida and resides in Broward County.

12. At all material times, Defendant COLONY SHINY STAFF, LLC (hereinafter referred to as "Defendant or "COLONY") is a Florida Limited Liability Company, created and authorized under the laws of the State of Florida.

13. Defendant COLONY is an employer, as defined by all laws under which this action is brought and employs the requisite number of employees.

2

14. At all times relevant to this action, DONNA YUM (hereinafter referred to as "YUM") was/is a Manager and Supervisor at COLONY, who held supervisory authority over VALDEZ, and controlled various tangible aspects of her employment.

15. At all times relevant to this action, LIDIA (Last Name Unknown) (hereinafter referred to as "LIDIA") was/is a Manager and Supervisor at COLONY, who held supervisory authority over DORIS, and controlled various tangible aspects of her employment.

## STATEMENT OF FACTS

16. COLONY is an Assisted Living Facility; COLONY caters to an elderly population who needs some assistance with their day-to-day living.

17. On or about November 15, 2018, COLONY hired VALDEZ as a Housekeeper then promoted her to Home Health Aid.

18. During Plaintiff's interview with LIDIA and YUM, LIDIA stated to YUM "DONNA, THEY WILL EAT HER ALIVE." Defendant made the implication that Plaintiff's new co-workers would be give her a hard time based on her age and national origin.

19. Throughout the interview, LINDA FLETCHER (hereinafter referred to as "FLETCHER") a Team Lead, was called in by LIDIA and told "I AM HIRING DORIS, AND SHE IS SPANISH. PLEASE PROTECT HER BECAUSE THEY WILL EAT HER ALIVE."

20. Upon starting her employment with COLONY, VALDEZ was assigned "memory care" which consisted of patients who suffered from Alzheimer's Disease. It was immediately apparent to VALDEZ; the workload was not being shared equally among the staff with her having the majority of the responsibilities as it relates to the care of the residents.

21. SHIRLENE (Last Name Unknown) the Supervisor in the Memory Care Department would intentionally assign VALDEZ a heavier workload than her coworkers. By way of example,

VALDEZ was assigned to bathe approximately seven (7) patients per day while her younger, non-Hispanic co-workers were assigned to bathe between two and three (3) patients.

22. VALDEZ complained to MARIAH (Last Name Unknown), Activities Coordinator for Alzheimer's Patients, about the unfair workload and asked MARIAH what she should do about it. MARIAH told her that it was futile to complain to LIDIA because nothing would change, and VALDEZ might end up being fired.

23. On another occasion, VALDEZ was also told by OBEL (Last Name Unknown), Maintenance Manager, not the complain to LIDIA about the treatment she was receiving from the other African American staff at Colony Club because LIDIA would fire her in an instant before they do anything about her complaint. OBEL further stated "YOU EITHER SWALLOW IT OR YOU FIND ANOTHER JOB BECAUSE LIDIA WILL ALWAYS SIDE WITH HER PEOPLE".

24. On or about November 17, 2018 VALDEZ was approached by ALEXIA (Last Name Unknown), a coworker, and asked "DID THEY HIRE YOU?" "YES" replied VALDEZ, "AND..YOU ARE SPANISH?" VALDEZ responded "YES, I'M FROM THE DOMINICAN REPUBLIC" ALEXIA in response said "OHH, SHIT!"

25. A few days after beginning in housekeeping, LATOYA (Last Name Unknown) (Hereinafter referred to as "LATOYA" told VALDEZ "YOU ARE TOO OLD TO BE IN HOUSEKEEPING". VALDEZ responded, "You don't know how old I am." LATOYA would constantly refer to VALDEZ as "OLD LADY". She would make comments like "WHAT'S WRONG WITH YOU OLD LADY?" and "GET THE FUCK OUT OF MY FACE OLD LADY".

26. On one occasion, in mid-March of 2019, when VALDEZ was in YUM's office on work related matters, LATOYA and LIDIA came into the office. When LATOYA saw VALDEZ, LATOYA stated "WHAT THE FUCK IS SHE DOING IN HERE, KICK THIS FUCKING BITCH OUT OF THE OFFICE".

27. VALDEZ said to YUM "You see Donna, I am not lying to you, you see the way they treat me here? This is how they treat me on the weekend, Alexia treats me the same way on the weekend." LATOYA responded **"FUCK YOU"** in YUM's presence. YUM did not intervene nor discipline LATOYA at the time.

28. ALEXIA would also harass VALDEZ. By way of example, on numerous occasions, ALEXIA referred to VALDEZ as "THAT FUCKING SPANISH BITCH WITH THE RED HAIR."

29. On one particular occasion, in late March of 2019; VALDEZ was speaking to LIDIA when ALEXIA approached both of them and told VALDEZ to "go change Gary," at a time Gary was having his lunch, ALEXIA then stated, "HE NEEDS TO GO TO THE FUCKING BATHROOM, GO TAKE HIM AND CHANGE HIM". In response VALDEZ said "Ms. Lidia, Alexia is being disrespectful to me, she is always using the word fuck when she speaks to me." ALEXIA then screamed "YES, YOU FUCKING BITCH, FUCK YOU, SUCK MY DICK IF I HAVE ONE."

30. VALDEZ was humiliated and began to cry. VALDEZ appealed to LIDIA "Ms. Lidia, she did this in front of you, this is very disrespectful, and you are not going to do anything about this?" LIDIA did not respond. VALDEZ then stated, "I am going to just quit because I can't take this anymore, it's too much for me." Lidia responded, "WHY DON'T THE TWO OF YOU GO OUTSIDE AND BEAT THE SHIT OUT OF EACH OTHER."

31. Thereafter, VALDEZ went to YUM and asked to be placed on a shift where she would not have to work with ALEXIA because of the harassment that she was enduring. VALDEZ also told YUM that ALEXIA was referring to VALDEZ as "THE FUCKING SPANISH BITCH WITH THE RED HAIR." VALDEZ was afraid that if LIDIA found out that she complained to YUM she would be terminated. VELEZ pleaded with YUM to keep the reported incidents between the two of them.

32. On or about March 6, 2019, VALDEZ was attempting to enter the room of Resident 1 (hereinafter referred to as "Resident 1") an Alzheimer's patient when another resident (hereinafter "Resident 2") attacked and was physically violent with VALDEZ. Resident 2 slammed the doors on VALDEZ's fingers. The pain was intense and excruciating, VALDEZ was unsure at the time if her fingers had been broken. VALDEZ immediately went to ANNE (Last Name Unknown), the Nurse, who told VALDEZ "you need to go to worker's compensation to get that looked at" VALDEZ was apprehensive about going to seek treatment because she was concerned that LIDIA would fire her for missing time at work. When VALDEZ sought treatment, COLONY refused to approve it.

33. On or about March 7, 2019, VALDEZ went to bathe Resident 1, who was "roomed" with Resident 2. Resident 2 was known to be physically violent and aggressive and had physically attacked several residents and staff in the past (including VALDEZ the previous day). Prior to Resident 1 arrival at COLONY, Resident 2 had attacked and beaten her prior roommate.

34. As VALDEZ undressed Resident 1 she noticed that there were several distinct bruises to Resident 1's body, it became instantly apparent that she had been beaten. There were bruises on her shoulders, forehead, fore-arm, thighs, knees, legs, back and a laceration under her breast. VALDEZ went into Resident 1's room and noticed that there were wood fragments

from broken furniture all over the floor. It appeared that bedroom furniture had been broken.

35. VALDEZ called ANNE to show her the bruises on Resident 1's body and told her that it was apparent that Resident 2 had beaten Resident 1. VALDEZ was contacted by management (LUC (Last Name Unknown), LIDIA and YUM) to give an account of what she observed on March 7, 2019. VALDEZ told them that it was immediately apparent to her that Resident 1 was badly beaten by Resident 2. The management team contacted VALDEZ on multiple occasions, thereafter, attempting to get her to change her account of what she had observed, and to say that Resident 1 had fallen.

36. LIDIA told VALDEZ "Doris they *[referring to the Agency for Health Care Administration]* are going to call you, let's go over what you are going to say." VALDEZ refused to change her report, and stated "What do you want me to do, lie? I can tell the difference between when someone falls and when someone is beaten, she had multiple bruises on both sides of her body and also on her back, how could she have fallen? I am not going to change my report." They were particularly upset by VALDEZ's candid account and description of the injuries sustained by Resident 1. LIDIA kept saying "Doris did you really use the word LACERATION to AHCA?" Valdez replied, "it was an open wound, what other word should I use?" The reports to AHCA infuriated Defendant's management team.

37. Defendant immediately began a charge of retaliatory actions. She was reassigned from "Memory Care" to the "C-hole," known to be the most difficult unit in the department, as it comprises of four (4) bed ridden patients. The beds in the unit are broken and are in need of repair, making it extremely difficult to clean the patients.

38. In or around mid-April of 2019, VALDEZ reported to work and parked her car in the parking lot for COLONY. By the end of her shift she found her car with the windshield broken. It

was immediately apparent from the damage that someone had thrown a rock into the windshield. Also, VALDEZ's cooked lunch (pasta) was in the kitchen when someone ripped the saran wrap and proceeded to destroy the container and the food. VALDEZ reported the vandalism to her YUM. No action was taken by COLONY to investigate this incident

39. On or about April 28, 2019, VALDEZ was approached by LUC, who said to her you "hey you! where is your phone?!" VALDEZ replied, "I don't have one, today I am floating, Linda has the phone." LUC then yelled "ARE YOU STUPID! YOU ARE AN IDIOT; YOU ARE SUPPOSED TO HAVE YOUR PHONE WITH YOU!" VALDEZ replied "Sir, there are no more phones, and why are you talking to me like that?" LUC then yelled "I TALK TO YOU THE WAY I WANT TO, I AM THE OWNER, THIS IS MY HOUSE, THIS IS MY HOUSE, YOU DO WHAT I TELL YOU TO DO, I AM IN CHARGE HERE!" and went on to call VALDEZ "STUPID!" multiple times**.**

40. VALDEZ was extremely humiliated as this occurred in the presence of most of her coworkers and residents at COLONY. It became obvious to VALDEZ that she was being humiliated in front of everyone by the LUC because she chose not to change her report and to tell the truth about what had happened to Resident 1. On that same day VALDEZ received a call from LIDIA and was told that LUC said VALDEZ is not to come back there, and that she was terminated.

41. Defendant discriminated against Plaintiff as it related to the terms and conditions of his employment, because of Plaintiff's age, national origin and whistle blower claims.

42. Any reason proffered by the Defendant for Plaintiff's termination is a mere pretext for unlawful discrimination, as throughout Plaintiff's employment she was able to perform the

8

essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory levels.

43. Defendant retaliated against Plaintiff because she complained, reported and/or otherwise opposed Defendant's unlawful conduct.

44. Plaintiff claims a continuous practice of discrimination and make all claims herein under the continuing violations doctrine.

45. As a result of Defendants unlawful and discriminatory actions, Plaintiff has endured humiliation resulting in severe emotional distress, severe depression, extreme anxiety, and accompanying physical ailments.

46. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

47. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

48. As Defendant's actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

49. Plaintiff claims alternatively (in the event Defendants claim or the Court determines) that Plaintiff is an Independent Contractor; Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

## COUNT I – FLORIDA CIVIL RIGHTS ACT ("FCRA")
### – AGE DISCRIMINATION

50. VALDEZ realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-49 above as if fully and expressly set forth herein, and further alleges as follows.

51. Plaintiff is a member of a protected class, as defined by the FCRA, Section 760.01, *et seq., Florida Statutes*.

52. At all times material, VALDEZ was an "employee" of COLONY within the meaning of the FCRA.

53. At all times material, COLONY was an "employer" within the meaning of the FCRA.

54. By the conduct described above, Defendant engaged in unlawful employment practices and discrimination against Plaintiff on account of her age, in violation of the FCRA.

55. Defendant knew or should have known of the discrimination.

56. Defendant's employees referred to VALDEZ as an "OLD BITCH" in the presence of Defendant's leadership team.

57. Defendant gave VALDEZ more tedious tasks because of her age. Younger employees were given less responsibilities. By way of example, VALDEZ was assigned to bathe seven residents while the younger employees had 2 to 3 residents to bathe.

58. COLONY's actions were taken with malice or reckless indifference to VALDEZ's statutorily protected rights.

59. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

    d.  Interest on front pay and benefits;

    e.  Compensatory damages, including for emotion pain and suffering;

    f.  Injunctive relief,

    g.  Attorney's fees and costs, and

    h.  For any other relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff, VALDEZ, demands a trial by jury and a judgment against Defendant for damages in an amount within the jurisdiction limits of this Court, to wit: More than Thirty Thousand ($30,0000) plus attorney's fees, costs, and for such other relief to which Plaintiff may be justly entitled.

### COUNT II – FLORIDA CIVIL RIGHTS ACT ("FCRA") – NATIONAL ORIGION DISCRIMINATION

60. VALDEZ realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 49 above as if fully and expressly set forth herein, and further alleges as follows.

61. Plaintiff is a member of a protected class, as defined by the FCRA, Section 760.01, *et seq., Florida Statutes.*

62. At all times material, VALDEZ was an "employee" of COLONY within the meaning of the FCRA.

63. At all times material, COLONY was an "employer" within the meaning of the FCRA.

64. By the conduct described above, Defendant engaged in unlawful employment practices and discrimination against Plaintiff on account of her national origin, in violation of the FCRA.

65. Defendant knew or should have known of the discrimination.

66. Defendant's employees referred to VALDEZ as the "SPANISH BITCH."

67. COLONY's actions were taken with malice or reckless indifference to VALDEZ's statutorily protected rights.

68. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits;

    d.  Interest on front pay and benefits;

    e.  Compensatory damages, including for emotion pain and suffering;

    f.  Injunctive relief,

    g.  Attorney's fees and costs, and

    h.  For any other relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff, VALDEZ, demands a trial by jury and a judgment against Defendant for damages in an amount within the jurisdiction limits of this Court, to wit: More than Thirty Thousand ($30,0000) plus attorney's fees, costs, and for such other relief to which Plaintiff may be justly entitled

### COUNT III– FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

69. VALDEZ realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 49 above as if fully and expressly set forth herein, and further alleges as follows.

70. Plaintiff as a Hispanic woman of Dominican descent who spoke Spanish, is a member of a protected class.

71. Plaintiff complained to LIDIA and YUM of the discriminatory acts and comments from its employees.

72. After complaining about these discriminatory acts and comments, plaintiff was removed from the Memory Care Department and transferred to the "C-hole" which is the most difficult unit in the department as it comprises of four (4) bed ridden patients.

73. Plaintiff complained to LIDIA and YUM that she was attacked by one of their aggressive patients, Resident 2.

74. Resident 2 was placed in a room with another patient, Resident 1, even though they were on notice that Resident 2 was aggressive.

75. Resident 2 attacked Resident 1 and was left with bruises on her shoulders, forehead, forearm, thighs, knees, legs, back and a laceration under her breast.

76. VALDEZ contacted to *the Agency for Health Care Administration* and advised them of Resident 2's attack on Resident 1.

77. Shortly after complaining to *the Agency for Health Care Administration,* Plaintiff was terminated.

78. COLONY's harassment, discriminatory treatment, and offensive comments were based on Plaintiff's national origin and age.

79. As a result of Defendant's harassment and offensive comments about her national origin and age, such action adversely affected the terms, conditions, and privileges of Plaintiff's employment, and was so perverse as to alter the work environment and to create an abusive and hostile work environment.

80. Defendant's LIDIA harassment and offensive comments were done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

81. Defendant's YUM harassment and offensive comments were done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

82. Defendant's LATOYA harassment and offensive comments were done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

83. Defendant's LUC harassment and offensive comments were done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

84. Defendant's LEXIS harassment and offensive comments were done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

85. Defendant's LIDIA, YUM and LUC had actual notice or should have known of Plaintiff's harassment but failed to appropriately act.

86. The Defendant's termination and harassment of Plaintiff was, in whole or in part because of her national origin and age. Defendant COLONY discriminated against Plaintiff with respect to the terms, conditions and privileges of employment because of her opposition to the unlawful employment practices of Defendant. By way of example: Defendant COLONY did not give other employees the same amount of patients as they did to Plaintiff while the company would give other employees outside of Plaintiff's protected classes less patients; Defendant COLONY forced Plaintiff to work in the "C-hole" when other similarly situated employees working for Defendant COLONY were not expected to do the same; Defendant COLONY allowed Defendant LIDIA, YUM, LATOYA, LEXIS, SHIRLENE and LUC to harass Plaintiff on account of her national origin and age when other employees outside of Plaintiff's protected class were not subject to such degrading and humiliating conduct.

87. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

14

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Interest on front pay and benefits;

e.    Compensatory damages, including for emotion pain and suffering;

f.    Injunctive relief,

g.    Attorney's fees and costs, and

h.    For any other relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff, VALDEZ, demands a trial by jury and a judgment against Defendant for damages in an amount within the jurisdiction limits of this Court, to wit: More than Thirty Thousand ($30,0000) plus attorney's fees, costs, and for such other relief to which Plaintiff may be justly entitled.

## COUNT IV – THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA") – AGE DISCRIMINATION

88. VALDEZ realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 49 above as if fully and expressly set forth herein, and further alleges as follows.

89. Plaintiff is a member of a protected class under the ADEA because she is over the age of 40.

90. When she applied for the position with the Defendant, she was qualified for the position.

91. Defendant subjected Plaintiff to disparate treatment because of her age in violation of the ADEA.

92. Similarly situated employees outside of Plaintiff's protected class were treated more favorably.

93. Defendant's violation of the ADEA was knowing, willful, and in reckless disregard of the rights of Plaintiff. As a direct and proximate result of Defendant's acts, Plaintiff has suffered

loss of employment compensation, privileges and benefits, and has suffered and continues to suffer distress, humiliation, expense, embarrassment, and damages to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

94. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a.   Back pay and benefits;

    b.   Interest on back pay and benefits;

    c.   Front pay and benefits;

    d.   Interest on front pay and benefits;

    e.   Compensatory damages, including for emotion pain and suffering;

    f.   Injunctive relief,

    g.   Attorney's fees and costs, and

    h.   For any other relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff, VALDEZ, demands a trial by jury and a judgment against Defendant for damages in an amount within the jurisdiction limits of this Court, to wit: More than Thirty Thousand ($30,0000) plus attorney's fees, costs, and for such other relief to which Plaintiff may be justly entitled.

### COUNT V– DISCRIMINATION
### UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

95. VALDEZ realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 49 above as if fully and expressly set forth herein, and further alleges as follows.

96. Plaintiff as a Hispanic woman of Dominican descent who spoke Spanish, is a member of a protected class.

97. COLONY's harassment, discriminatory treatment, and offensive comments were based on Plaintiff's national origin and age.

98. As a result of Defendant's harassment and offensive comments about her national origin and age, such action adversely affected the terms, conditions, and privileges of Plaintiff's employment, and was so perverse as to alter the work environment and to create an abusive and hostile work environment.

99. Defendant's LIDIA harassment and offensive comments were done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

100. Defendant's YUM harassment and offensive comments were done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

101. Defendant's LATOYA harassment and offensive comments were done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

102. Defendant's LUC harassment and offensive comments were done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

103. Defendant's LEXIS harassment and offensive comments were done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's protected rights.

104. Defendant's LIDIA, YUM and LUC had actual notice or should have known of Plaintiff's harassment but failed to appropriately act.

105. Plaintiff was referred to as a "SPANISH BITCH" by Defendant's African American employees.

106. The Defendant's termination and harassment of Plaintiff was, in whole or in part because of her national origin and age. Defendant COLONY discriminated against Plaintiff with respect to the terms, conditions and privileges of employment because of her opposition to

the unlawful employment practices of Defendant. By way of example: Defendant COLONY did not give other employees the same amount of patients as they did to Plaintiff while the company would give other employees outside of Plaintiff's protected classes less patients; Defendant COLONY forced Plaintiff to work in the "C-hole" when other similarly situated employees working for Defendant COLONY were not expected to do the same; Defendant COLONY allowed Defendant LIDIA, YUM, LATOYA, LEXIS, SHIRLENE and LUC to harass Plaintiff on account of her national origin and age when other employees outside of Plaintiff's protected class were not subject to such degrading and humiliating conduct.

107. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

   a.   Back pay and benefits;

   b.   Interest on back pay and benefits;

   c.   Front pay and benefits;

   d.   Interest on front pay and benefits;

   e.   Compensatory damages, including for emotion pain and suffering;

   f.   Injunctive relief,

   g.   Attorney's fees and costs, and

   h.   For any other relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff, VALDEZ, demands a trial by jury and a judgment against Defendant for damages in an amount within the jurisdiction limits of this Court, to wit: More than Thirty Thousand ($30,0000) plus attorney's fees, costs, and for such other relief to which Plaintiff may be justly entitled.

## COUNT VI – RELATIATION UNDER TITLE VII

108. Plaintiff VALDEZ realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 49 above as if fully and expressly set forth herein, and further alleges as follows.

109. Plaintiff as a Hispanic woman of Dominican Descent, who spoke Spanish is a member of a protected class.

110. Defendant's subjected Plaintiff to harassment, discriminatory treatment, and offensive comments about her national origin and age.

111. Plaintiff opposed Defendant's unlawful treatment of her.

112. Plaintiff complained of Defendant's harassment, discriminatory treatment, and offensive comments to, LIDIA, YUM, OBEL and MARIAH and filed a charge with the EEOC.

113. Defendant LIDIA AND YUM had actual notice or should have known of Plaintiff's frequent complaints and EEOC Charge but failed to appropriately act.

114. After Plaintiff opposed and complained of Defendant's LEXIS AND LATOYA'S harassment, discriminatory treatment, and offensive comments, Defendant COLONY retaliated against Plaintiff by denying Plaintiff certain terms, conditions and privileges of employment. By way of example: Defendant COLONY did not give other employees the same amount of patients as they did to Plaintiff while the company would give other employees outside of Plaintiff's protected classes less patients; Defendant COLONY forced Plaintiff to work in the "C-hole" when other similarly situated employees working for Defendant COLONY were not expected to do the same; Defendant COLONY allowed Defendant LIDIA, YUM, LATOYA, ALEXIA, SHIRLENE and LUC to harass Plaintiff on

19

account of her national origin and age when other employees outside of Plaintiff's protected class were not subject to such degrading and humiliating conduct.

115. LIDIA, YUM, LUC's and Defendant COLONY's inaction was a direct result of Plaintiff's frequent complaints.

116. Defendant's LIDIA, YUM, LUC's and Defendant COLONY's retaliation against Plaintiff for complaining about the unlawful conduct of LEXIS and LATOYA and was done knowingly and intentionally, and in willful, wanton and reckless disregard of Plaintiff's Federally protected rights.

117. As a direct and proximate result of Defendant LEXIS and LATOYA harassment of Plaintiff, and Defendants LIDIA, YUM and LUC's inaction and retaliation for her lawfully having engaged in statutorily protected activity, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

118. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Interest on front pay and benefits;

    e.    Compensatory damages, including for emotion pain and suffering;

    f.    Injunctive relief,

    g.    Attorney's fees and costs, and

    h.    For any other relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff, VALDEZ, demands a trial by jury and a judgment against Defendant for damages in an amount within the jurisdiction limits of this Court, to wit: More than Thirty Thousand ($30,0000) plus attorney's fees, costs, and for such other relief to which Plaintiff may be justly entitled.

## COUNT VII – HOSTILE WORK ENVIRONMENT
## UNDER TITLE VII

119. VALDEZ realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 49 above as if fully and expressly set forth herein, and further alleges as follows.

120. The Civil Rights Act of 1964 prohibits inappropriate conduct in the workplace which leaves any person feeling harassed or discriminated against, due to his or her gender, age, religion, national origin or race.

121. Here, Defendant's conduct occurred because of Plaintiff's legally protected characteristic; and (2) was severe or pervasive enough to make a reasonable person of the same legally protected class believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

122. The harassing conduct was directly connected to Plaintiff's age and national origin

123. Defendant's COLONY often yelled at Plaintiff in the presence of other employees.

124. Plaintiff did not welcome Defendant's conduct or comments.

125. Defendant delegated LIDIA and YUM the supervisory authority to control Plaintiff work environment. Defendant abused that authority by creating a hostile work environment. A reasonable person subjected to Plaintiff's working environment would believe Defendant's conduct was severe or pervasive enough to have altered the terms and

conditions of employment and render the working environment intimidating, hostile or abusive.

126. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Interest on front pay and benefits;

    e.    Compensatory damages, including for emotion pain and suffering;

    f.    Injunctive relief,

    g.    Attorney's fees and costs, and

    h.    For any other relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff, VALDEZ, demands a trial by jury and a judgment against Defendant for damages in an amount within the jurisdiction limits of this Court, to wit: More than Thirty Thousand ($30,0000) plus attorney's fees, costs, and for such other relief to which Plaintiff may be justly entitled.

## COUNT VIII – FLORIDA WHISTLEBLOWER ACT

127. VALDEZ realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 49 above as if fully and expressly set forth herein, and further alleges as follows.

128. The actions of Defendant alleged here violate the provisions of Florida law commonly referred to as the Florida Whistleblower Act, Fla. Stat. §§ 448.101-448.105 (2014).

129. Defendant by its actions alleged here engaged in one or more retaliatory adverse personnel actions against Plaintiff for engaging in activities protected by § 448.102(1)-(3).

130. Plaintiff engaged in the following protected activities:

   a. Reported safety issues to *the Agency for Health Care Administration* in relation to a resident being attacked by a roommate who is known to be violent.

131. Defendant was on notice of Plaintiff's engagement in protected activities.

132. Specifically, Plaintiff complained to the owner and her direct supervisors of the Defendant's failure to comply with the *Agency for Health Care Administration* safety regulations. Plaintiff complained numerous times to the management team to correct the violations the *Agency for Health Care Administration* safety regulations, and Defendant continued to conduct its business despite the irregularities.

133. Plaintiff's protected activities and the pattern of antagonism she suffered are related such that Plaintiff was subject to adverse actions in retaliation for her whistleblowing activities.

134. As a result of the aforementioned conduct as alleged in this count, COLONY violated the Florida Whistleblower Act, Fla. Stat. §§ 448.101-448.105 (2014).

135. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Interest on front pay and benefits;

   e. Compensatory damages, including for emotion pain and suffering;

   f. Injunctive relief,

      g.    Attorney's fees and costs, and

      h.    For any other relief this Court deems just and equitable.

**WHEREFORE**, Plaintiff, VALDEZ, demands a trial by jury and a judgment against Defendant for damages in an amount within the jurisdiction limits of this Court, to wit: More than Thirty Thousand ($30,0000) plus attorney's fees, costs, and for such other relief to which Plaintiff may be justly entitled.

Dated: May 13, 2020
     Miami, FL

                     Respectfully submitted,

                     **DEREK SMITH LAW GROUP, PLLC**

                 By: /s/ Tiffani-Ruth Brooks
                     Tiffani-Ruth Brooks
                     Fla Bar No. 1010664
                     Derek Smith Law Group, PLLC
                     *Attorneys for Plaintiffs*
                     701 Brickell Ave, Suite 1310
                     Miami, FL 33131
                     Tel: (305) 946-1884
                     Fax: (305) 503-6741
                     Tiffani@dereksmithlaw.com

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

-----------------------------------------------------------------------X

DORIS VALDEZ

                                                                    NO.:

              Plaintiff,

         -against-                                    **SUMMONS**
                                                            (Personal Service)

COLONY SHINY STAFF, LLC., d/b/a/
THE COLONY CLUB IN SUNRISE

              Defendant.

-----------------------------------------------------------------------X

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the Complaint or Petition in
this action on Defendant:

     **COLONY SHINY STAFF, LLC., d/b/a/**
     **THE COLONY CLUB IN SUNRISE**
     **ANNE AGOSTINI– Registered Agent**
     3799 PINE ISLAND ROAD
     SUNRISE, FL 33351

      Each defendant is required to serve written defenses to the complaint or petition on Tiffani- Ruth
I. Brooks, Esquire, Plaintiff's attorney, whose address is:

     Derek Smith Law Group, PLLC
     c/o Tiffani-Ruth I. Brooks, Esq.
     701 Brickell Avenue, Suite 1310
     Miami, FL 33131
     (305) 946-1884

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the clerk of this court either before service on plaintiff's
attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that
defendant for the relief demanded in the complaint or petition.

     DATED on _____ MAY 26 2020

                     CLERK OF THE CIRCUIT COURT

                     BY _____
                        As Deputy Clerk

                        BRENDA D. FORMAN