UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

DORIS VALDEZ,

        Plaintiff,

v.

COLONY SHINY STAFF, LLC, d/b/a THE
COLONY CLUB SUNRISE,

        Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTS I, IV-V, AND VII OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL[1]

        Defendant, by and through its undersigned counsel, and pursuant to Rules 7, 12, and 15, Federal Rules of Civil Procedure, hereby answers and affirmatively defends against Counts I, IV-V, and VII of Plaintiff's First Amended Complaint and Demand for Jury Trial ("Complaint") as follows:

## NATURE OF THE ACTION

        1.      In response to paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to claim that this action is brought by the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); and the Florida Civil Rights Act, 760.01 et seq., Florida Statutes ("FCRA") to redress allegedly unlawful employment practices toward Plaintiff, including, but not limited to discrimination and discharge from employment.  Defendant, however, denies any and all

---

[1] While Plaintiff has identified the correct legal entity as the Defendant, there is no "d/b/a" associated with Colony Shiny Staff, LLC.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

wrongdoing and/or liability, and further denies that Plaintiff is entitled to any relief, remedies, and/or damages, and demands strict proof thereof. Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.

## JURISDICTION AND VENUE

2.      In response to paragraph 2 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction over claims brought pursuant to the ADEA, and Title VII. Defendant, however, denies any and all wrongdoing and/or liability, and further denies that Plaintiff is entitled to any relief, remedies, and/or damages, and demands strict proof thereof. Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 2 of Plaintiff's Complaint and demands strict proof thereof.

3.      In response to paragraph 3 of Plaintiff's Complaint, Defendant admits that it transacts affairs in this Court's district and that its principal place of business is in Broward County, Florida. Defendant, however, denies any and all wrongdoing and/or liability, and further denies that Plaintiff is entitled to any relief, remedies, and/or damages, and demands strict proof thereof. Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4.      In response to paragraph 4 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

## PROCEDURAL REQUIREMENTS

5.      In response to paragraph 5 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring this matter pursuant to the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes.  Defendant, however, denies any and all wrongdoing and/or liability, and further denies that Plaintiff is entitled to any relief, remedies, and/or damages, and demands strict proof thereof. Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 5 of Plaintiff's Complaint and demands strict proof thereof.

6.      In response to paragraph 6 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7.      In response to paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 7 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8.      In response to paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 8 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

9.      In response to paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 9 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10.     In response to paragraph 10 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 10 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11.     In response to paragraph 11 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

**PARTIES**

12.     In response to paragraph 12 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 12 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13.     In response to paragraph 13 of Plaintiff's Complaint, Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

14.     In response to paragraph 14 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 14 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15.     In response to paragraph 15 of Plaintiff's Complaint, Defendant admits that Donna Yam ("Yam") was Defendant's Administrator who held supervisory authority over Plaintiff. Defendant is without sufficient information or knowledge to be able to admit to or deny Plaintiff's allegation, contention, and/or suggestion that Yam controlled various tangible aspects of Plaintiff's employment, and accordingly denies this allegation, contention, and/or suggestion and demands strict proof thereof.  Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16.     In response to paragraph 16 of Plaintiff's Complaint, Defendant admits that Lydia Bridgewater ("Bridgewater") was Defendant's Director of Nursing who held supervisory authority over Plaintiff.  Defendant is without sufficient information or knowledge to be able to admit to or deny Plaintiff's allegation, contention, and/or suggestion that Bridgewater controlled various tangible aspects of Plaintiff's employment, and accordingly denies this allegation, contention, and/or suggestion and demands strict proof thereof.  Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

## STATEMENT OF ALLEGED FACTS

17.     In response to paragraph 17, Defendant admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     In response to paragraph 18 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 18 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19.     In response to paragraph 19 of Plaintiff's Complaint, Defendant admits that Plaintiff was employed by Defendant as a housekeeper, laundry person, and resident assistant. Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20.     In response to paragraph 20 of Plaintiff's Complaint, Defendant admits that Bridgewater stated that "they will eat her alive."  Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21.     In response to paragraph 21 of Plaintiff's Complaint, Defendant admits that Bridgewater stated that "they will eat her alive."  Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22.     In response to paragraph 22 of Plaintiff's Complaint, Defendant denies each and

6

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

every allegation, contention, and/or suggestion contained in paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23.     In response to paragraph 23 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24.     In response to paragraph 24 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 24 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25.     In response to paragraph 25 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 25 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

26.     In response to paragraph 26 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 26 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

27.     In response to paragraph 27 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 27 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.

28.     In response to paragraph 28 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

29.     In response to paragraph 29 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30.     In response to paragraph 30 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 30 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.

31.     In response to paragraph 31 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 31 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

32.     In response to paragraph 32 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 32 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

33.     In response to paragraph 33 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.

34.     In response to paragraph 34 of Plaintiff's Complaint, Defendant admits that Anne told Plaintiff to go see administration to make a workers' compensation report.  Defendant further admits that Plaintiff made a workers' compensation claim for an injured finger.  Defendant denies that the date was March 6, 2019 and demands strict proof thereof.  Defendant denies that it refused to provide Plaintiff with treatment and demands strict proof thereof.  Defendant is without sufficient information or knowledge to be able to admit to or deny the remaining allegations, contentions, and/or suggestions contained in paragraph 34 of Plaintiff's Complaint, and accordingly denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 34 of Plaintiff's Complaint and demands strict proof thereof.

35.     In response to paragraph 35 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 35 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 35 of Plaintiff's

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

Complaint and demands strict proof thereof.

36.     In response to paragraph 36 of Plaintiff's Complaint, Defendant is without

sufficient information or knowledge to be able to admit to or deny the allegations, contentions,

and/or suggestions contained in paragraph 36 of Plaintiff's Complaint, and accordingly denies each

and every allegation, contention, and/or suggestion contained in paragraph 36 of Plaintiff's

Complaint and demands strict proof thereof.

37.     In response to paragraph 37 of Plaintiff's Complaint, Defendant admits that Luc

Agostini ("Agostini") interviewed Plaintiff on or about February 8, 2019 about a resident who had

a bruise and that the interview was conducted in the presence of Yam and Bridgewater.  Defendant

denies each and every remaining allegation, contention, and/or suggestion contained in paragraph

37 of Plaintiff's Complaint and demands strict proof thereof.

38.     In response to paragraph 38 of Plaintiff's Complaint, Defendant denies each and

every allegation, contention, and/or suggestion contained in paragraph 38 of Plaintiff's Complaint

and demands strict proof thereof.

39.     In response to paragraph 39 of Plaintiff's Complaint, Defendant admits that the

Agency for Health Care Administration ("AHCA") called Defendant in order to speak to Plaintiff

about an alleged resident matter.  Defendant is without sufficient information or knowledge to be

able to admit to or deny Plaintiff's allegation, contention, and/or suggestion contained in paragraph

39 of Plaintiff's Complaint that Lydia Bridgewater was on notice of this call or any other calls

from AHCA, and accordingly denies this allegation, contention, and/or suggestion and demands

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

strict proof thereof.  Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 39 of Plaintiff's Complaint and demands strict proof thereof.

40.     In response to paragraph 40 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 40 of Plaintiff's Complaint and demands strict proof thereof.

41.     In response to paragraph 41 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 41 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 41 of Plaintiff's Complaint and demands strict proof thereof.

42.     In response to paragraph 42 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 42 of Plaintiff's Complaint and demands strict proof thereof.

43.     In response to paragraph 43 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 43 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 43 of Plaintiff's Complaint and demands strict proof thereof.

44.     In response to paragraph 44 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 44 of Plaintiff's Complaint, and accordingly denies each

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

and every allegation, contention, and/or suggestion contained in paragraph 44 of Plaintiff's Complaint and demands strict proof thereof.

45. In response to paragraph 45 of Plaintiff's Complaint, Defendant admits that Agostini asked Plaintiff whether she had a phone, that Plaintiff responded in the negative, and that Agostini told Plaintiff that she was supposed to have a phone. Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 45 of Plaintiff's Complaint and demands strict proof thereof.

46. In response to paragraph 46 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 46 of Plaintiff's Complaint and demands strict proof thereof.

47. In response to paragraph 47 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 47 of Plaintiff's Complaint and demands strict proof thereof.

48. In response to paragraph 48 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 48 of Plaintiff's Complaint and demands strict proof thereof.

49. In response to paragraph 49 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 49 of Plaintiff's Complaint and demands strict proof thereof.

50. In response to paragraph 50 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 50 of Plaintiff's Complaint

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

and demands strict proof thereof.

51.     In response to paragraph 51 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 51 of Plaintiff's Complaint and demands strict proof thereof.

52.     In response to paragraph 52 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to claim a continuous practice of discrimination and purports to make all of her claims under the continuing violations doctrine.  Defendant, however, denies any and all wrongdoing and/or liability, and further denies that Plaintiff is entitled to any relief, remedies, and/or damages, and demands strict proof thereof.  Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 52 of Plaintiff's Complaint and demands strict proof thereof.

53.     In response to paragraph 53 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 53 of Plaintiff's Complaint and demands strict proof thereof.

54.     In response to paragraph 54 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 54 of Plaintiff's Complaint and demands strict proof thereof.

55.     In response to paragraph 55 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 55 of Plaintiff's Complaint and demands strict proof thereof.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

56.     In response to paragraph 56 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to demand punitive damages against Defendant.   Defendant, however, denies any and all wrongdoing and/or liability, and further denies that Plaintiff is entitled to any relief, remedies, and/or damages, and demands strict proof thereof.  Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 56 of Plaintiff's Complaint and demands strict proof thereof.

57.     In response to paragraph 57 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to claim alternatively that she is an independent contractor and purports to make all applicable claims under the applicable law pertaining to independent contractors.  Defendant, however, denies any and all wrongdoing and/or liability, and further denies that Plaintiff is entitled to any relief, remedies, and/or damages, and demands strict proof thereof.  Defendant denies each and every remaining allegation, contention, and/or suggestion contained in paragraph 57 of Plaintiff's Complaint and demands strict proof thereof.

## COUNT I – ALLEGED AGE DISCRIMINATION - ADEA

58.     In response to paragraph 58 of Plaintiff's Complaint, Defendant realleges and incorporates its responses to paragraph 1-57 of Plaintiff's Complaint as if fully set forth herein.

59.     In response to paragraph 59 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to claim that this is an action to recover all alleged damages, interest, equitable relief and attorney's fees and costs on behalf of Plaintiff for alleged violations of her state rights under the ADEA, to include the remedies in 29 U.S.C. § 621 et seq.  Defendant, however, denies any and all wrongdoing and/or liability and further denies that Plaintiff is entitled to any relief,

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

remedies, and/or damages, and demands strict proof thereof.  Defendant denies each and every

remaining allegation, contention, and/or suggestion contained in paragraph 59 of Plaintiff's

Complaint and demands strict proof thereof.

60.     In response to paragraph 60 of Plaintiff's Complaint, Defendant is without

sufficient information or knowledge to be able to admit to or deny the allegations, contentions,

and/or suggestions contained in paragraph 60 of Plaintiff's Complaint, and accordingly denies each

and every allegation, contention, and/or suggestion contained in paragraph 60 of Plaintiff's

Complaint, and demands strict proof thereof.

61.     In response to paragraph 61 of Plaintiff's Complaint, Defendant is without

sufficient information or knowledge to be able to admit to or deny the allegations, contentions,

and/or suggestions contained in paragraph 61 of Plaintiff's Complaint, and accordingly denies each

and every allegation, contention, and/or suggestion contained in paragraph 61 of Plaintiff's

Complaint, and demands strict proof thereof.

62.     In response to paragraph 62 of Plaintiff's Complaint, Defendant denies each and

every allegation, contention, and/or suggestion contained in paragraph 62 of Plaintiff's Complaint

and demands strict proof thereof.

63.     In response to paragraph 63 of Plaintiff's Complaint, Defendant denies that it

unlawfully terminated Plaintiff and demands strict proof thereof.  Defendant is without sufficient

information or knowledge to be able to admit to or deny the remaining allegations, contentions,

and/or suggestions contained in paragraph 63 of Plaintiff's Complaint, and accordingly denies each

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

and every remaining allegation, contention, and/or suggestion contained in paragraph 63 of Plaintiff's Complaint and demands strict proof thereof.

64.    In response to paragraph 64 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 64 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 64 of Plaintiff's Complaint, and demands strict proof thereof.

65.    In response to paragraph 65 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 65 of Plaintiff's Complaint and demands strict proof thereof.

66.    In response to paragraph 66 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 66 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 66 of Plaintiff's Complaint, and demands strict proof thereof.

67.    In response to paragraph 67 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 67 of Plaintiff's Complaint and demands strict proof thereof.

68.    In response to paragraph 68 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 68 of Plaintiff's Complaint and demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to any of the

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

relief, remedies, and/or damages sought in the ensuing WHEREFORE clause and demands strict proof thereof.

## COUNT II – ALLEGED HOSTILE WORK ENVIRONMENT UNDER ADEA

69.     In response to paragraph 69 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

70.     In response to paragraph 70 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

71.     In response to paragraph 71 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

72.     In response to paragraph 72 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

73.     In response to paragraph 73 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

74.     In response to paragraph 74 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

75.     In response to paragraph 75 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

76.     In response to paragraph 76 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

## COUNT III – ALLEGED RETALIATION UNDER ADEA

77.     In response to paragraph 77 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

78.     In response to paragraph 78 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

79.     In response to paragraph 79 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

80.     In response to paragraph 80 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

81.     In response to paragraph 81 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

82.     In response to paragraph 82 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

83.     In response to paragraph 83 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

84.     In response to paragraph 84 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

85.     In response to paragraph 85 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

86.     In response to paragraph 86 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

87.     In response to paragraph 87 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

## COUNT IV – ALLEGED DISCRIMINATION UNDER FCRA

88.    In response to paragraph 88 of Plaintiff's Complaint, Defendant realleges and incorporates its responses to paragraph 1-57 of Plaintiff's Complaint as if fully set forth herein.

89.    In response to paragraph 89 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 89 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 89 of Plaintiff's Complaint and demands strict proof thereof.

90.    In response to paragraph 90 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 90 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 90 of Plaintiff's Complaint and demands strict proof thereof.

91.    In response to paragraph 91 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 91 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 91 of Plaintiff's Complaint and demands strict proof thereof.

92.    In response to paragraph 92 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 92 of Plaintiff's Complaint and demands strict proof thereof.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

93.     In response to paragraph 93 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 93 of Plaintiff's Complaint and demands strict proof thereof.

94.     In response to paragraph 94 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 94 of Plaintiff's Complaint and demands strict proof thereof.

95.     In response to paragraph 95 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 95 of Plaintiff's Complaint and demands strict proof thereof.

96.     In response to paragraph 96 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 96 of Plaintiff's Complaint and demands strict proof thereof.

97.     In response to paragraph 97 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 97 of Plaintiff's Complaint and demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to any of the relief, remedies, and/or damages sought in the ensuing WHEREFORE clause and demands strict proof thereof.

## COUNT V – ALLEGED NATIONAL ORIGIN DISCRIMINATION UNDER FCRA

98.     In response to paragraph 98 of Plaintiff's Complaint, Defendant realleges and incorporates its responses to paragraph 1-57 of Plaintiff's Complaint as if fully set forth herein.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

99.     In response to paragraph 99 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 99 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 99 of Plaintiff's Complaint and demands strict proof thereof.

100.    In response to paragraph 100 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 100 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 100 of Plaintiff's Complaint and demands strict proof thereof.

101.    In response to paragraph 101 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 101 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 101 of Plaintiff's Complaint and demands strict proof thereof.

102.    In response to paragraph 102 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 102 of Plaintiff's Complaint and demands strict proof thereof.

103.    In response to paragraph 103 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 103 of Plaintiff's Complaint and demands strict proof thereof.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

104.    In response to paragraph 104 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 104 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 104 of Plaintiff's Complaint and demands strict proof thereof.

105.    In response to paragraph 105 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 105 of Plaintiff's Complaint and demands strict proof thereof.

106.    In response to paragraph 106 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 106 of Plaintiff's Complaint and demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to any of the relief, remedies, and/or damages sought in the ensuing WHEREFORE clause and demands strict proof thereof.

**COUNT VI – ALLEGED RETALIATION UNDER FCRA**

107.    In response to paragraph 107 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

108.    In response to paragraph 108 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

109.    In response to paragraph 109 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

110.    In response to paragraph 110 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

111.    In response to paragraph 111 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

112.    In response to paragraph 112 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

113.    In response to paragraph 113 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

114.    In response to paragraph 114 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

115.    In response to paragraph 115 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

116.     In response to paragraph 116 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

117.     In response to paragraph 117 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

118.     In response to paragraph 118 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

119.     In response to paragraph 119 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

120.     In response to paragraph 120 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

121.     In response to paragraph 121 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

122.     In response to paragraph 122 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

123.     In response to paragraph 123 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

124.     In response to paragraph 124 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

125.     In response to paragraph 125 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

126.     In response to paragraph 126 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

### COUNT VII – ALLEGED DISCRIMINATION UNDER TITLE VII

127.     In response to paragraph 127 of Plaintiff's Complaint, Defendant realleges and incorporates its responses to paragraph 1-57 of Plaintiff's Complaint as if fully set forth herein.

128.     In response to paragraph 128 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 128 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 128 of Plaintiff's Complaint and demands strict proof thereof.

26

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

129.    In response to paragraph 129 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 129 of Plaintiff's Complaint and demands strict proof thereof.

130.    In response to paragraph 130 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 130 of Plaintiff's Complaint and demands strict proof thereof.

131.    In response to paragraph 131 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 131 of Plaintiff's Complaint and demands strict proof thereof.

132.    In response to paragraph 132 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 132 of Plaintiff's Complaint and demands strict proof thereof.

133.    In response to paragraph 133 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 133 of Plaintiff's Complaint and demands strict proof thereof.

134.    In response to paragraph 134 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 134 of Plaintiff's Complaint and demands strict proof thereof.

135.    In response to paragraph 135 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 135 of Plaintiff's Complaint and demands strict proof thereof.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

136.     In response to paragraph 136 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 136 of Plaintiff's Complaint and demands strict proof thereof.

137.     In response to paragraph 137 of Plaintiff's Complaint, Defendant is without sufficient information or knowledge to be able to admit to or deny the allegations, contentions, and/or suggestions contained in paragraph 137 of Plaintiff's Complaint, and accordingly denies each and every allegation, contention, and/or suggestion contained in paragraph 137 of Plaintiff's Complaint and demands strict proof thereof.

138.     In response to paragraph 138 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 138 of Plaintiff's Complaint and demands strict proof thereof.

139.     In response to paragraph 139 of Plaintiff's Complaint, Defendant denies each and every allegation, contention, and/or suggestion contained in paragraph 139 of Plaintiff's Complaint and demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to any of the relief, remedies, and/or damages sought in the ensuing WHEREFORE clause and demands strict proof thereof.

**COUNT VIII – ALLEGED RETALIATION UNDER TITLE VII**

140.     In response to paragraph 140 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

141.    In response to paragraph 141 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

142.    In response to paragraph 142 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

143.    In response to paragraph 143 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

144.    In response to paragraph 144 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

145.    In response to paragraph 145 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

146.    In response to paragraph 146 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

147.    In response to paragraph 147 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

148.     In response to paragraph 148 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

149.     In response to paragraph 149 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

150.     In response to paragraph 150 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

151.     In response to paragraph 151 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

## COUNT IX – FLORIDA
## WHISTLEBLOWER ACT

152.     In response to paragraph 152 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

153.     In response to paragraph 153 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

154.     In response to paragraph 154 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

Demand for Jury Trial and Memorandum of Law in Support.

155.    In response to paragraph 155 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

156.    In response to paragraph 156 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

157.    In response to paragraph 157 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

158.    In response to paragraph 158 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

159.    In response to paragraph 159 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

160.    In response to paragraph 160 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

161.    In response to paragraph 161 of Plaintiff's Complaint, please see Defendant's Motion to Dismiss Counts II-III, VI, and VIII-IX of Plaintiff's First Amended Complaint and Demand for Jury Trial and Memorandum of Law in Support.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief, remedies, and/or damages sought in her Prayer for Relief and demands strict proof thereof.

## JURY DEMAND

In response to Plaintiff's Jury Demand, Defendant admits that Plaintiff demands a trial by jury for the claims set forth in her Complaint. Defendant, however, denies any and all wrongdoing and/or liability, and further denies that Plaintiff is entitled to any relief, remedies, and/or damages, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state claims for which relief may be granted.

2.    Plaintiff has failed to comply with the relevant statutes of limitations.

3.    Plaintiff has failed to mitigate her damages as she has failed to adequately look for or secure alternative employment since being separated from employment with Defendant.

4.    Any and all decisions made by Defendant concerning Plaintiff were made based on legitimate, non-discriminatory, non-retaliatory reasons.

5.    Defendant has at all times acted in good faith towards Plaintiff and without intent to harm.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

6.      Even if Plaintiff is capable of demonstrating that any actions taken with regard to Plaintiff were in part based upon her national origin, Defendant would have taken the same actions in any event for legitimate, non-discriminatory, non-retaliatory reasons unrelated to Plaintiff's national origin.

7.      Even if Plaintiff is capable of demonstrating that any actions taken with regard to Plaintiff were in part based upon her age, Defendant would have taken the same actions in any event for legitimate, non-discriminatory, non-retaliatory reasons unrelated to Plaintiff's age.

8.      Plaintiff is not entitled to punitive damages as Plaintiff has failed to allege facts sufficient to obtain an award of punitive damages, and such damages, moreover, are not available under the ADEA.

9.      Plaintiff is not entitled to liquidated damages as Plaintiff has failed to allege facts sufficient to obtain an award of liquidated damages, and such damages, moreover, are not available under Title VII or FCRA.

10.     Plaintiff failed to raise any issues of national origin discrimination during her employment with Defendant, failed to notify Defendant of such issues concerning her employment with Defendant, and failed to complain of such conduct to Defendant during her employment tenure with Defendant.

11.     Plaintiff failed to raise any issues of age discrimination during her employment with Defendant, failed to notify Defendant of such issues concerning her employment with Defendant, and failed to complain of such conduct to Defendant during her employment tenure with Defendant.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

12.     To the extent that Plaintiff raised any concerns about her work environment, Defendant took all reasonable and necessary steps to address such concerns.

13.     Plaintiff has failed to exhaust her administrative remedies prior to bringing the instant action.

14.     Plaintiff's Complaint improperly exceeds the scope of her Charge of Discrimination.

15.     Plaintiff's damages, if any, are barred or limited by the discovery of any conduct on the part of Plaintiff which would have resulted in her termination upon Defendant's discovery of such conduct.

16.     Plaintiff's damages, if any, are barred by the doctrine of after acquired evidence, if any such evidence is discovered.

17.     Plaintiff's claims are barred by the doctrine of laches.

18.     Plaintiff has failed to comply with all conditions precedent necessary to bringing this action.

19.     Defendant has and had in place strong, officially-promulgated and user-friendly policies against discrimination and/or harassment to prevent and promptly correct any such unlawful conduct, and Plaintiff unreasonably failed to take advantage of such preventive or corrective opportunities or to avoid harm otherwise.

20.     Any interim earnings or amounts Plaintiff earned or could have earned with reasonable diligence should reduce or offset any damages otherwise recoverable by Plaintiff.  In addition, such interim earnings may also set-off and reduce other claims for damages alleged by

34

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

Plaintiff.

21.     Plaintiff was an at-will employee who could be terminated at any time, with or without notice and with or without cause.

22.     Plaintiff's claims under the Florida Civil Rights Act are barred to the extent Plaintiff bases these claims on alleged acts or omissions occurring more than one (1) year prior to Plaintiff's filing of a charge of discrimination with the Florida Commission on Human Relations.  Plaintiff's claims are barred to the extent they involve transactions or events, or seek damages for periods, outside the applicable statutory limitations period.

23.     Plaintiff's claims under Title VII and the ADEA are barred to the extent Plaintiff bases these claims on alleged acts or omissions occurring more than three hundred (300) days prior to Plaintiff's filing of a charge of discrimination with the Equal Employment Opportunity Commission.  Plaintiff's claims are barred to the extent they involve transactions or events, or seek damages for periods, outside the applicable statutory limitations period.

24.     Plaintiff's alleged damages for lost earnings (including back pay, front pay and/or lost benefits), if any, should be reduced for any period of time during which Plaintiff was unavailable for work for any reason unrelated to the alleged acts or omissions of the Defendant alleged in the Complaint.

WHEREFORE, Defendant respectfully requests that this honorable Court enter judgment in its favor and award Defendant its attorney's fees and costs.

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

Respectfully submitted,


By:  /s/Jeffrey M. Goodz_____
Jeffrey M. Goodz, Esquire
Florida Bar No: 953600
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, Florida  33323
Telephone:  (954) 626-5034
Facsimile:  (954) 838-8842
Primary E-mail:  jeffrey.goodz@mc-atty.com
Secondary E-mail:  eservice@dmc-atty.com
                          acali@mc-atty.com
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2020, I electronically filed the foregoing through the CM/ECF system and also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:  /s/Jeffrey M. Goodz_____
Jeffrey M. Goodz, Esquire
Florida Bar No: 953600
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, Florida  33323
Telephone:  (954) 626-5034
Facsimile:  (954) 838-8842
Primary E-mail:  jeffrey.goodz@mc-atty.com
Secondary E-mail:  eservice@dmc-atty.com
                          acali@mc-atty.com
Attorneys for Defendant

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

## SERVICE LIST

CASE NO.: 0:20-cv-61323-MORENO-STRAUSS

**Jeffrey M. Goodz, Esquire**
MCGUINNESS & CICERO
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, FL 33323
Telephone:  (954) 626-5034
Facsimile:  (954) 838-8842
Primary E-mail:  jeffrey.goodz@mc-atty.com
Attorneys for Defendant

**Tiffani-Ruth Brooks, Esquire**
DEREK SMITH LAW GROUP, PLLC
701 Brickell Avenue, Suite 1310
Miami, FL 33131
Telephone:  (305) 946-1884
Facsimile:  (305) 503-6741
Primary E-mail:  tiffani@dereksmithlaw.com
Attorneys for Plaintiff